FILED

OCT 18 2023

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HUDACKO,

    Plaintiff,

v.

THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,

    Defendant.

Case No. 23-cv-05316-KAW

**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES**

IT IS HEREBY ORDERED that this action is assigned to the Honorable Kandis A. Westmore . When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order, the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Plaintiffs or removing parties must file a consent or declination to proceed before a magistrate judge within 14 days of the filing of the complaint or the removal. All other parties must file a consent or declination within 14 days of appearing in the case. All parties who have made an appearance must file a consent or declination within 7 days of the filing of a dispositive motion or the case will be reassigned to a district court judge. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at http://www.cand.uscourts.gov/adr. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

IT IS FURTHER ORDERED that plaintiff or removing defendant serve upon all parties

the brochure entitled "Consenting To A Magistrate Judge's Jurisdiction In The Northern District Of California", additional copies of which can be downloaded from the court's Internet website: http://www.cand.uscourts.gov.

| CASE SCHEDULE – ADR MULTI-OPTION PROGRAM | | |
|---|---|---|
| Date | Event | Governing Rule |
| 10/18/2023 | Complaint Filed | |
| 12/26/2023 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file ADR Certification signed by Parties and Counsel (form available at http://www.cand.uscourts.gov) | Civil L.R . 16-8(b) & ADR L.R. 3-5(b) |
| 1/9/2024 | **Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per Standing Order re Contents of Joint Case Management Statement<br><br>(also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil L.R . 16-9 |
| 1/16/2024 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) at 1:30 PM in:<br><br>Courtroom TBD<br>Ronald Dellums Federal Building<br>1301 Clay Street<br>Oakland, CA 94612 | Civil L.R . 16-10 |

* If the Initial Case Management Conference is continued, unless otherwise ordered this deadline is continued to 21 days in advance of the Initial Case Management Conference.

** If the Initial Case Management Conference is continued, unless otherwise ordered this deadline is continued to 7 days in advance of the Initial Case Management Conference.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

## STANDING ORDER FOR
## MAGISTRATE JUDGE KANDIS A. WESTMORE
*(Revised November 8, 2021)*

Parties shall comply with the procedures in the Federal Rules of Civil or Criminal Procedure, the Northern District of California's Local Rules and General Orders, and this standing order, all of which are available at *http://www.cand.uscourts.gov*. The parties' failure to comply with any of the rules or orders may be grounds for monetary sanctions, dismissal, entry of judgment, or other appropriate sanctions.

## CALENDAR DATES AND SCHEDULING

1. Criminal motions are heard on the first and third Thursdays of the month at 1:30 p.m., or during the regular criminal calendar when Judge Westmore is on criminal duty. Civil motions are also heard on the first and third Thursdays of the month at 1:30 p.m. Civil case management and status conferences are heard on Tuesdays at 1:30 p.m. Civil pretrial conferences are heard on Wednesdays at 2:00 p.m.

2. Parties should notice motions (other than discovery motions) pursuant to Civil Local Rule 7-2. Parties need not reserve a hearing date, but should confirm the Court's availability at *http://www.cand.uscourts.gov/kaw* by consulting Judge Westmore's scheduling notes. The Court may reset hearing dates as the Court's calendar requires. For scheduling questions, please contact Judge Westmore's courtroom deputy at (510) 637-3525 or via email at *kawcrd@cand.uscourts.gov*.

## ALL REQUESTS MUST BE IN WRITING

3. The Court does not grant relief over the telephone or via email. All requests for relief must be filed in accordance with the local rules. Do not contact the courtroom deputy or chambers to seek relief or legal advice, including information pertaining to the local rules.

## CONSENT CASES

4. In civil cases randomly assigned to Judge Westmore for all purposes, the parties should file their written consent to the assignment of a United States Magistrate Judge for all purposes or their written declination of consent *as soon as possible,* and in no event later than the deadlines specified in Civil L.R. 73-1(a).

## CHAMBERS COPIES AND PROPOSED ORDERS

5. Chambers copies are required for all formal motions, joint discovery letters, and motions to seal. The Court may request chambers copies of other filings as needed.

    (a) Chambers copies must be received within 3 days of filing or the Court's request.

    (b) All chambers copies of e-filed documents must include the running header created by the ECF System on each page, and be marked "Chambers Copy" and submitted to the Oakland Clerk's Office in an envelope clearly marked "Magistrate Judge Kandis Westmore" with the case number on the envelope.

    (c) All exhibits must be clearly marked and tabbed.

    (d) E-filed documents must be cited in all other documents as follows: Dkt. No.___ at ___.

    (e) For motions to seal, the parties need only provide a courtesy copy of the **unredacted version** of the document sought to be filed under seal. The unredacted version must indicate, by highlighting or other clear method, the portions of the document that have been omitted from the redacted version, and prominently display the notation "UNREDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED." The unredacted copy must be presented in the same form as if no sealing order was being sought. In other words, if a party is seeking to file under seal one or more exhibits to a declaration, or portions thereof, the chambers copy should include the declaration with both exhibits that require no redaction and the exhibits that require redaction.

6. Any party filing a dispositive motion shall email a copy of the motion in Word format (.doc or .docx) to *kawpo@cand.uscourts.gov*. This is in addition to the lodged, chambers copy.

7. Proposed orders filed by an e-filing party shall be submitted in Word format (.doc or .docx) via email to *kawpo@cand.uscourts.gov* on the same day the document is e-filed. This requirement also applies to stipulations that require court approval, which must include a proposed order on the face of the stipulation. This email address should only be used for this stated purpose unless otherwise directed by the Court.

## CIVIL CASE MANAGEMENT

8. No later than seven (7) days prior to the any scheduled case management or status conference, the parties shall file a Joint Case Management Statement in full compliance

2

with the Northern District of California's General Standing Order for civil cases entitled "Contents of Joint Case Management Statement." The parties shall appropriately caption their filing to read: "Initial Joint Case Management Statement" or "Further Joint Case Management Statement" as appropriate. The parties are required to file a complete case management statement for every case management conference, and they are not permitted to file abbreviated statements.

        9.      Parties may not stipulate to continue a case management, status, or pretrial conference without Court approval. Each party shall be represented **in person** at the Case Management Conference by lead trial counsel (or a party if *pro se*), who shall be (1) prepared to address all of the matters referred to in the Northern District of California's General Standing Order on Joint Case Management Statements; and (2) have full authority to enter stipulations and make admissions pursuant to that order.

                (a)  <u>Telephonic Appearances require court approval.</u> Permission for a party to attend by telephone may be granted, in the Court's discretion, upon written request made at least two (2) weeks in advance of the hearing if the Court determines that good cause exists to excuse personal attendance, and that personal attendance is not needed in order to have an effective conference. (*See* Judge Westmore's Procedures for Telephonic Appearances.) The facts establishing good cause must be set forth in the request. Parties requesting permission to attend by telephone should consult the Court's Procedures for Telephonic Appearances, available at *http://cand.uscourts.gov/kaworders*, including filing a proposed order that comports with the attached example.

       10.     All motion hearings, case management, status and pretrial conferences are recorded. They are not reported by a court reporter unless counsel requests a court reporter in advance.

## CIVIL DISCOVERY

       11.     Parties shall propound disclosures and discovery in accordance with Federal Rules of Civil Procedure 26 through 37 and the corresponding Civil Local Rules for the Northern District of California. A copy of the Local Rules is available at the Clerk's Office and at the Court's website *(http://www.cand.uscourts.gov)*. No exceptions to the limitations established in the Federal and Local Rules shall be permitted except pursuant to stipulation of the parties or order of the Court.

       12.     <u>Protective Orders:</u> If parties believe a protective order is necessary, they shall, where practicable, use one of the model stipulated protective orders (available at

3

*https://cand.uscourts.gov/forms/model-protective-orders/*). Parties shall file one of the following with their proposed protective order: (a) a declaration stating that the proposed order is identical to one of the model orders except for the addition of case-identifying information or the elimination of language denoted as optional; (b) a declaration explaining each modification to the model order, along with a redline version comparing the proposed protective order with the model order; or (c) a declaration explaining why use of one of the model orders is not practicable.

13. <u>Meet and confer requirement for discovery disputes.</u>  As an initial matter, the parties must comply with Section 9 of the Northern District's Guidelines for Professional Conduct regarding discovery (available at *https://cand.uscourts.gov/forms/guidelines-for-professional-conduct/*).

> (a) Prior to filing any discovery-related motion, lead trial counsel for all parties shall meet and confer **in person or by video conference**, if an in-person conference is not feasible, regarding the discovery dispute(s) in an effort to resolve these matter(s).  (Meet and confers may only occur by telephone if it is impossible to meet in person or by video.)  After attempting other means to confer on the issue(s) (i.e. letter, phone call, email), any party may demand such a meeting on ten (10) business days' notice.  The location of the meeting will alternate with the first location selected by counsel for Plaintiff, the second by counsel for Defendant, etc.
>
> (b) If unable to resolve all disputes through this procedure, the party seeking Court intervention may file an appropriate motion or joint letter (*see* ¶ 14 below).

14. <u>Discovery disputes between the parties must be addressed in a joint letter.</u>
> (a) After meeting and conferring as set forth in ¶ 13 above, the parties shall draft and file a jointly signed letter within five (5) business days of the lead trial counsels' meet and confer session that contains the following:
>> i. A cover page with the case caption and an attestation that the parties met and conferred <u>in person or by video conference</u> (or, if telephonically, with an additional explanation for why it was not feasible to meet in person or by video) prior to filing the letter, have complied with Section 9 of the Northern District's Guidelines for Professional Conduct regarding discovery prior to filing the joint letter, as well as the signature of both parties or counsel;

4

  ii. A section which sets forth the unresolved dispute and any pertinent factual background; and

  iii. With respect to each issue relating to the unresolved dispute, a detailed summary of each party's final substantive position and their final proposed compromise on each issue, including relevant legal authority.

(b) <u>Separate Letters.</u> The parties shall file a separate joint letter for each discovery dispute (i.e. if the parties have disputes regarding specific interrogatories and requests for production, they must file two letters).

  i. The joint letter shall not exceed five (5) pages, excluding the cover page, without leave of Court, and may not be accompanied by exhibits or affidavits other than exact copies of interrogatories, requests for production of documents and/or responses, privilege logs, and relevant deposition testimony.

  ii. The parties may only attach 12 pages of exhibit(s), which must be clearly marked and tabbed.

(c) <u>Filing.</u> The joint letter must be e-filed under the Civil Events category of "Motions and Related Filings>Motions--General>Discovery Letter Brief." Do not file under the "Letter" event, because the filing will not be designated as an open motion that requires court resolution. If the joint letter is incorrectly filed, the parties risk the dispute going unresolved.

(d) <u>Format.</u> In order to ensure that the parties are addressing the same dispute, and are doing so in a manner that facilitates the Court's resolution, each disputed discovery request or issue must be presented in the following format:

A. **Request for Production No. 7**

  [Summarize the issue and reproduce the request.]

<u>Defendant's Position</u>

  [Defendant's position outlining why Plaintiff's response is deficient and the relief requested.]

<u>Plaintiff's Position</u>

  [Plaintiff's rationale as to why he fully responded to the request, etc.]

B. **Request for Production No. 12**

  [Summarize the issue and reproduce the request.]

5

Defendant's Position

[Defendant's position outlining why Plaintiff's response is deficient and the relief requested.]

Plaintiff's Position

[Plaintiff's rationale as to why he fully responded to the request, etc.]

(e) Upon receipt of the joint letter, the Court will determine what future proceedings, if any, are necessary. Alternatively, the Court may order the parties to further meet and confer if the nature of the dispute is such that it should be resolved without court intervention.

15. In responding to requests for documents and materials under Fed. R. Civ. P. 34, all parties shall affirmatively state, in a written response served on all other parties, the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced *all* such materials so described that are locatable after a diligent search of *all* locations at which such materials might plausibly exist. It shall not be sufficient to object and/or to state that "responsive" materials will be or have been produced.

16. To the maximum extent feasible, all party files and records should be retained and produced in their original form and sequence, including file folders, and the originals should remain available for inspection by any counsel on reasonable notice.

17. In the rare event that the parties are unable to meet and confer as directed above, or a moving party is unable to obtain the opposing party's portion of a joint letter after the meet and confer session, the moving party shall file a written request for a telephonic conference on the docket for the purpose of enforcing the Court's meet and confer requirement, or for the Court to fashion an alternative procedure. The written request shall include a declaration which states any attempt to meet and confer and/or obtain the joint letter, the reasons for the inability to comply with the standing order, and (if possible) three dates and times at which all parties are available for a telephonic conference. The moving party may attach exhibits to the declaration, but the declaration and exhibits combined may not exceed seven pages. The Court will not excuse a party from the requisite in-person or videoconference meeting unless good cause is shown.

18. In emergencies during discovery events (such as depositions), any party may, after exhausting good faith attempts to resolve disputed issues, seek judicial intervention pursuant to Civil L.R. 37-1(b) by contacting the Court through the courtroom deputy. If the Court is unavailable, the discovery event shall proceed with objections noted for the record.

19. No motion for sanctions may be filed until after the moving party has complied with the requirements of paragraphs 13-17 above. Motions for sanctions shall be filed separately, pursuant to Federal Rule 37 and Civil Local Rules 7 and 37-3.

20. In the event that a discovery hearing is ordered, the Court has found that it is most efficient and beneficial for counsel to appear *in person*. This provides the opportunity, where appropriate, to engage counsel in resolving aspects of the discovery dispute while remaining available to rule on any disputes that counsel are not able to resolve. For this reason, the Court expects counsel to appear in person.

> (a) <u>Telephonic Appearances require court approval.</u> Permission for a party to attend by telephone may be granted, in the Court's discretion, upon written request made at least two (2) weeks in advance of the hearing should the Court determine that good cause exists to excuse personal attendance and that personal attendance is not needed in order to have an effective discovery hearing. The facts establishing good cause must be set forth in the request. Parties requesting permission to attend by telephone should consult the Court's Procedures for Telephonic Appearances, available at *http://cand.uscourts.gov/kaworders.*

### Privilege Logs

21. If a party withholds information that is responsive to a discovery request by claiming that it is privileged or otherwise protected from discovery, that party shall *promptly* prepare and provide a privilege log that is sufficiently detailed and informative for the opposing party to assess whether a document's designation as privileged is justified. *See* Fed.R.Civ.P. 26(b)(5). The privilege log shall set forth the privilege relied upon and specify separately for each document or for each category of similarly situated documents:

> (a) The title and description of the document, including number of pages or Bates-number range;
> 
> (b) The subject matter addressed in the document;
> 
> (c) The identity and position of its author(s);
> 
> (d) The identity and position of all addressees and recipients;
> 
> (e) The date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s);
> 
> (f) The steps taken to ensure the confidentiality of the communication, including affirmation that no unauthorized persons have received the communication; and

(g) The specific basis for the claim that the document is privileged or protected. Failure to furnish this information promptly may be deemed a waiver of the privilege or protection.

## COMMUNICATIONS WITH THE COURT

22. Pursuant to Civil Local Rule 11-4(c), with the exception of communication with the courtroom deputy regarding scheduling, no party may contact the Court *ex parte* without prior notice to the opposing party. All communications or questions to the Court shall be presented in writing, properly filed, and include a certification that all parties were served a copy of the written communication. Under no circumstances shall the parties contact chambers or the courtroom deputy to inquire about the status of when an order will be issued.

## MOTION PRACTICE

23. The failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute consent to the granting of the motion.

24. The Court sometimes rules on the papers, issuing a written order and vacating the hearing. If a written request for oral argument is filed before a ruling, stating that a lawyer of four or fewer years out of law school will conduct the oral argument (or at least the lion's share), then the Court will hear oral argument, believing that young lawyers need more opportunities for appearances than they usually receive.

## OTHER MATTERS

25. <u>Pronouns.</u> Parties and attorneys may advise the Court of their pronouns by filing a letter or by adding their pronouns in the name block on the first page of the pleadings.

IT IS SO ORDERED.

Dated: November 8, 2021

*/s/ Kandis Westmore*
KANDIS A. WESTMORE
United States Magistrate Judge

8

# STANDING ORDER FOR ALL JUDGES
# OF THE NORTHERN DISTRICT OF CALIFORNIA
# CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

All judges of the Northern District of California require identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. <u>Jurisdiction and Service</u>: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. <u>Facts</u>: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. <u>Legal Issues</u>: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. <u>Motions</u>: All prior and pending motions, their current status, and any anticipated motions.

5. <u>Amendment of Pleadings</u>: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. <u>Evidence Preservation</u>: A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. *See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

7. <u>Disclosures</u>: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26, and a description of the disclosures made.

8. <u>Discovery</u>: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.

9. <u>Class Actions</u>: If a class action, a proposal for how and when the class will be certified, and whether all attorneys of record for the parties have reviewed the Procedural Guidance for Class Action Settlements.

10. <u>Related Cases</u>: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. <u>Relief</u>: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

*Effective January 17, 2023*

12. <u>Settlement and ADR</u>: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. <u>Other References</u>: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14. <u>Narrowing of Issues</u>: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses. The parties shall jointly identify (in bold or highlight) one to three issues which are the most consequential to the case and discuss how resolution of these issues may be expedited.

15. <u>Expedited Trial Procedure</u>: Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64 Attachments B and D.

16. <u>Scheduling</u>: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

17. <u>Trial</u>: Whether the case will be tried to a jury or to the court and the expected length of the trial.

18. <u>Disclosure of Non-party Interested Entities or Persons</u>: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding. In any proposed class, collective, or representative action, the required disclosure includes any person or entity that is funding the prosecution of any claim or counterclaim.

19. <u>Professional Conduct</u>: Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter