Tracy L. Henderson, Esq. SBN 252888
Law Office of Tracy L. Henderson, Esq.
P.O. Box 221562
Carmel, CA  93922-1562
(tel.) 831-917-1583
(email) tlhlaw@protonmail.com
Attorney for Plaintiff Edward Allyn Hudacko

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ALLYN HUDACKO<br><br>    Plaintiff,<br><br>    v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; et. al,<br><br>    Defendants. | **Case No.** 3:23-cv-05316-SI<br><br>**PLAINTIFF'S SHORT STATEMENT ABOUT THE STATUS AND OUTCOME OF THE FEBRUARY 2, 2024 CONTRA COSTA SUPERIOR COURT CONTEMPT PROCEEDING**<br><br>**[Per the Court's Order at Dkt. 60]**<br><br>**Due Date:** February 7, 2024<br>**Courtroom:** 1<br>**Judge:** Hon. Susan Illston |

# SHORT STATEMENT ABOUT THE STATUS AND OUTCOME OF THE 2/2/2024 FAMILY LAW CONTEMPT PROCEEDING

### 1. Request for Clarification on the Court's Term "Same Allegations"

Citing Dkt. No. 32-3; Dkt. No. 50-2, the Court notes that Defendants Christine Hudacko (nka "Underhill"), Nathaniel Bigger, and Daniel Harkins are also Citees to a Family Law Contempt action pending in the Superior Court. The Court states that "plaintiff's pleadings in the state court proceeding raise some of the same allegations as his complaint before this Court" [Dkt. 60, 1:16-18] and asked the parties to provide an update after the February 2, 2024 hearing.

First, Plaintiff has a clarification request and seeks to ascertain what is meant by the characterization of the pending Family Law Contempt action as "same allegations." If by "same allegations" this Court simply means that both this federal case and the family law Contempt action *arise from* Defendants' having planned, executed and fraudulently concealed a Supprelin Implant surgery on a minor child without Plaintiff's consent, then there is no cause for concern as two different cases can appropriately lie from the same one set of facts.

On the other hand, if by "same allegations" the Court means that is has now determined that the Plaintiff in this case is attempting to litigate any of the same causes of action, or to achieve any of the same remedies sought in Family Court, then Plaintiff seeks to understand if the Court has adopted the disputed legal contentions of Defendants (or at least those of Defendant Asaf Orr).

In his pending Motion to Dismiss, Defendant Orr seeks to bar this lawsuit under the doctrine of equitable abstention, mischaracterizing this case as seeking to have this federal Court "exercise jurisdiction over the subject matter of an ongoing, underlying state court family law proceeding…" [Dkt. 32-1, 19:1-4] Nothing could be further from the truth.

Notably, the Family Law Contempt is a *criminal* contempt, seeking <u>only</u> to vindicate the authority of the Family Court, while seeking no remedies for Plaintiff whatsoever. Here, in this federal court case by contrast, Plaintiff demands a jury trial, seeking damages for the violation of his Fourteenth Amendment right to liberty, and alternatively, intentional tort damages compensating him for emotional and financial damages, including punitive damages. The Family Court cannot empanel a jury, and family law remedies "conspicuously do not

include punitive damages and damages for emotional distress." *Bidna v. Rosen*, 19 Cal. App. 4th 27, 30.

Plaintiff does not, and could not possibly ask the Family Court to empanel a jury, or to adjudicate intentional tort claims, or civil rights claims, or to award punitive damages, or to award any damages to him for emotional distress. Likewise, Plaintiff does not, and could not possibly ask this Court to rule on whether the Citees willfully violated an Order of the Family Court. Accordingly, there is not a jurisdictional conflict as argued by Defendant Orr.

On this basis, Plaintiff respectfully requests that this Court clarify whether its statement – "plaintiff's pleadings in the state court proceeding raise some of the same allegations as his complaint before this Court" – indicates that it has adopted Defendants' "priority of jurisdiction" legal contention requiring this Court's abstention, or is merely noting that both this case and the Family Law Contempt action arise from the same underlying facts. It is Plaintiff's position that Plaintiff's action here is not barred by any abstention doctrine, nor will it be barred by Res Judicata/Collateral Estoppel even after a final determination is made in the Family Law Contempt, regardless of what determination that may ultimately turn out to be for the reasons stated herein. If it please the Court, Plaintiff will provide additional legal briefing on abstention and preclusion doctrines, and why they do not apply in the present case.

**2. Update on Status of Family Law Contempt Action**

On February 2, 2024, Plaintiff and counsel[1], Defendant Christine Hudacko and counsel, Defendant Daniel Harkins and counsel, and Defendant Nathanial Bigger and counsel each appeared for arraignment in Contra Costa County superior court in the Family Law case, Contra Costa Superior Court case No. MSD19-05641.

No order was made after this February 2, 2024 hearing on OSC Re: Contempt. Instead, as Citees had each filed what will be construed as Demurrers / Motions to Discharge, and each filing had violated the Code of Civil Procedure §1005 rendering them untimely, the arraignment and hearing on these motions were continued to March 1, 2024 at 1:30 P.M. with appropriate corresponding briefing deadlines.

---

[1] Plaintiff's counsel is only involved in this family law case on a limited scope basis.

Also, of note in the Family Law Contempt matter is Plaintiff's Motion to Set Aside / Reconsideration which set for February 13, 2024 at 8:30 AM, under which he challenges the Family Court's order declining personal jurisdiction over non-party "UCSF" (here, "Regents"). The basis for setting aside or reconsidering that decision is that the case law unambiguously holds that a non-party to an injunction is nevertheless subject to the contempt powers of the court when (1) it has knowledge of the injunction, and (2) acts in concert with the enjoined person to willfully violate it. See *Ross v. Superior Court of Sacramento County*, 19 Cal. 3d 899, 906, and see also *People v. Conrad* (1997) 55 Cal.App.4th 896, 64 Cal.Rptr.2d 248. Counsel for Regents have indicated in writing that they will not oppose.

Plaintiff is happy to keep this Court updated on the results of the Family Law Contempt going forward if that is the standing order.

Dated: February 6, 2024.          Respectfully submitted,

_____
Tracy L. Henderson, Esq.
*Attorney for Plaintiff Edward Allyn Hudacko*

# CERTIFICATE OF SERVICE

I hereby certify that on this February 6, 2024 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF filing and transmittal Notice of Electronic Filing to all CM/EDF registrants for this case.

Dated: February 6, 2024

By:   /s/ *Tracy L. Henderson, Esq.*
P.O. Box 221562
Carmel, CA 93922
tlhlaw@protonmail.com