UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDWARD ALLYN HUDACKO,

                Plaintiff,

      v.

REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.,

          Defendants.

Case No. 23-cv-05316-SI

**ORDER DENYING ANTI-SLAPP SPECIAL MOTIONS TO STRIKE**

Re: Dkt. Nos. 33, 34

Before the Court are two special motions to strike pursuant to California's anti-SLAPP statute filed by defendants Bigger and Underhill.  Dkt. Nos. 33, 34.  Plaintiff opposes both motions. Dkt. Nos. 47, 48.  For the reasons set forth below, the Court DENIES both motions.

The facts of this case are set forth in the order on defendants' motions to dismiss at Dkt. No. 86 and are incorporated here by reference.

**LEGAL STANDARD**

The California Legislature passed California Civil Procedure Code section 425.16 to address "a disturbing increase" in Strategic Lawsuits Against Public Participation ("SLAPPs"), or suits brought "primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances."  Cal. Civ. Proc. Code § 425.16(a).  Section 425.16 permits defendants to bring a "special motion to strike" if a cause of action against them "arises from any act . . . in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue[.]" *Id.* § 425.16(b)(1). The California Legislature expressly intended that section 425.16 "be construed broadly" in

protection of the public interest. Cal. Civ. Proc. Code § 425.16(a). A special motion to strike under section 425.16 is commonly referred to as an anti-SLAPP motion.

In order to prevail on an anti-SLAPP motion, the movants must first make a *prima facie* showing, through the pleadings themselves and supporting affidavits, that the statements or conduct underlying the legal claims against them qualifies for protection under the anti-SLAPP statute. *Id.* § 425.16(b); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1110 (9th Cir. 2003). If the defendant makes the required showing, the burden then shifts to the non-moving party to demonstrate a probability of prevailing on the challenged claims. Cal. Civ. Proc. Code § 425.16(b)(1); *Vess*, 317 F.3d at 1110. If the plaintiff meets that burden, the anti-SLAPP motion must be denied. *Mattel, Inc. v. Luce, Forward, Hamitlon & Scripps*, 99 Cal. App. 4th 1179, 1189 (2002).

To satisfy the "arising from" requirement of the statute, defendants must demonstrate that their "conduct by which plaintiff claims to have been injured falls within one of the four categories described" in the statute. *Park v. Board of Trustees of California State University*, 2 Cal. 5th 1057, 1063 (2017) (citation omitted). Under the statute, an "act in furtherance of a person's right of petition or free speech . . . in connection with a public issue" includes:

> (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

Cal. Civ. Proc. Code § 425.16(e). Section (2) is at issue in this case.

"[T]he critical consideration is whether the cause of action is *based on* the defendant's protected free speech or petitioning activity." *Navellier v. Sletten*, 29 Cal. 4th 82, 89 (2002) (emphasis in original). More specifically, "a claim may be struck only if the speech or petitioning activity *itself* is the wrong complained of, and not just evidence of liability or a step leading to some different act for which liability is asserted." *Park*, 2 Cal. 5th at 1060 (emphasis in original). "[T]he mere fact that an action was filed after protected activity took place does not mean the action arose from that activity for the purposes of the anti-SLAPP statute." *Navellier*, 29 Cal. 4th at 89. In ruling

United States District Court
Northern District of California

1    on an anti-SLAPP motion, "courts should consider the elements of the challenged claim and what

2    actions by the defendants supply those elements and consequently form the basis for liability." *Id.*

3    at 1063.

4        Defendants sued in federal court may bring an anti-SLAPP motion to strike state law claims

5    in federal court. *Vess*, 317 F.3d at 1109 (citation omitted).  Movants are entitled to attorneys' fees

6    and costs when they prevail. *Verizon Del., Inc. v. Covad Communications Co.*, 377 F.3d 1081, 1091

7    (9th Cir. 2004).

8

9                                    **DISCUSSION**

10   **I.     Requests for Judicial Notice**

11       Both Underhill and Bigger (attorney for Underhill) request the Court take judicial notice of

12   the March 29, 2023 Judgment with attachments in the marriage dissolution proceedings between

13   plaintiff and Underhill filed in Contra Costa Superior Court Case No. D-19-05641 and the February

14   25, 2022 Order in the marriage dissolution proceedings filed in Contra Costa Superior Court Case

15   No. MSD 19-05641.  Dkt. Nos. 33-1; 34-1.  The Court GRANTS these requests for judicial notice

16   pursuant to Federal Rule of Evidence § 201.

17

18   **II.    Whether Defendants Have Made the Requisite *Prima Facie* Showing of Protected**

19   **Activity[1]**

20       Underhill and Bigger argue that plaintiff's state law claims "are based upon oral and written

21   statements made during [the] marriage dissolution proceeding" leading up to and following the

22   August 26, 2020 child custody order, and are thus protected speech under the second protected

23   category.  Dkt. Nos. 33 at 5, 34 at 5, 54 at 2-3, 55 at 2-3.  Specifically, defendants argue that

24   plaintiff's state law claims are rooted in the state court child custody order and are all based on

25   plaintiff's interpretation of what he refers to as the "no surgery injunction."  Dkt. No. 33 at 5-6; Dkt.

26   _____

27       [1] Although the anti-SLAPP statute does not use the term "protected activity," this is the
     shorthand phrase adopted by case law to describe speech or petitioning activities.  *Area 51*
28   *Productions, Inc. v. City of Alameda*, 20 Cal. App. 5th 581, 593 (2018).

United States District Court
Northern District of California

No. 34 at 5.

Plaintiff responds that defendants are not being sued based on statements made during the marriage dissolution proceedings but rather based on the alleged violation of the child custody order. Dkt. Nos. 47 at 8, 10; 48 at 8-9. Plaintiff argues that the cases cited by defendants do not support the argument that action taken in "purported reliance" on the custody order is protected activity under the anti-SLAPP statute. Dkt. No. 47 at 9-10.

Plaintiff alleges that Bigger "participated in the scheme by accepting money in exchange for advising [Underhill] that unconsented gender identity related surgery on a minor was legal, and by concealing the scheme from [plaintiff]." Dkt. No. 19 ("Compl.") ¶¶ 24-25, *see also* ¶ 78. Bigger is cc'd on the email Underhill sent to plaintiff on October 18, 2021 notifying him about the implant procedure. *Id.*, Ex. C. Plaintiff also alleges that defendant Rosenthal issued "Progress Notes" regarding Minor's medical procedures that stated: "Mother and [Minor] have separate attorneys who are navigating [a] complex family situation [related to the fact that] father is not supportive of [Minor's] gender care" and "Mother is working with her attorney, [Minor's] attorney and Asaf Orr, JD-everyone [except Edward] is working together to achieve resolution [of Minor's have been born male] in the near future." *Id.* ¶¶ 42-43 (brackets in original) (quoting Ex. G at ECF 28).

Plaintiff alleges that Underhill, "at all times favoring attempts to 'transition' the minor child from being a boy into being a girl . . . participated in the scheme by employing the other Defendants to achieve her goal of obtaining gender identity related surgery on the minor child without [plaintiff's] consent, and by concealing the scheme from [plaintiff]." *Id.* ¶¶ 28-29. Plaintiff additionally alleges that Underhill "took 16-year-old [Minor] for a patient visit" at the UCSF Center where doctors discussed with Minor a category of "experimental drugs." *Id.* ¶ 38. Underhill also "caused [Minor] to deposit sperm into a sperm bank" and emailed plaintiff "revealing" the implant on October 18, 2021. *Id.* ¶¶ 41, 48.

"[T]he moving defendant bears the burden of identifying all allegations of protected activity, and the claims for relief supported by them." *Baral v. Schnitt*, 1 Cal. 5th 376, 396 (2016). Plaintiff does not claim that any statements made in connection with the marriage dissolution proceedings violated his rights but rather that defendants conspired to violate the "no surgery

injunction" contained in the August 26, 2020 custody order.  Neither Bigger nor Underhill explain how any of the allegations in plaintiff's complaint involve protected speech or petitioning activity, and the cases they cite do not persuade the Court that the complained of activity constitutes protected activity for anti-SLAPP purposes.  Defendants' decisions regarding the implant procedure followed the state court marriage dissolution proceedings.  However, a "claim is not subject to a motion to strike simply because it contests an action or decision that was arrived at following speech or petitioning activity."  *Park*, 2 Cal. 5th at 1060; *see also Freeman v. Schack*, 154 Cal. App. 4th 719, 731 (2007) ("'the mere fact an action was filed after protected activity took place does not mean it arose from that activity' . . . [a]nd a moving defendant's burden . . . is not met simply by showing that the *label* of the lawsuit appears to involve the rights of free speech or petition; he or she must demonstrate that the *substance* of the plaintiff's cause of action was an act in furtherance of the right of petition or free speech") (quoting *Jespersen v. Zubiate–Beauchamp* 114 Cal. App. 4th 624, 630 (2003)).

Additionally, plaintiff alleges that defendants conspired to violate his parental rights in 2021 when Minor underwent the implant procedure, at which point the child custody order had already been issued and was thus no longer "under consideration or review" by the state court.  *See* Cal. Civ. Proc. Code § 425.16(e)(2).  Whether plaintiff's claims have merit is a separate issue not to be addressed in an anti-SLAPP motion unless and until defendants have met their burden of showing protected activity.

### III. Whether Defendants' Statements Are Protected Under the California Civil Code Section 47(b) Litigation Privilege

Defendants also argue that their statements at issue fall within the protection of the California Civil Code section 47(b) litigation privilege.  Dkt. Nos. 33 at 7-8, 34 at 7-8, 55 at 4-6.  Statements privileged under section 47(b) may also be entitled to the benefits of the anti-SLAPP statute.  *See Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1115 (1999) ("just as communications preparatory to or in anticipation of the bringing of an action or official proceeding are within the protection of the [§ 47(b)] litigation privilege, such statements are equally entitled to

the benefits of § 425.16") (internal quotation marks and citations omitted).

Defendants assert that the litigation privilege bars plaintiff's state law claims because they all "arise out of communications" Bigger made as an attorney and that Underhill made "in the context of litigation." Dkt. Nos. 33 at 7, 34 at 7. Bigger further asserts that the "only nexus" between him and plaintiff is that he represented Underhill in the marriage dissolution proceedings between her and plaintiff. Dkt. No. 33 at 7. In reply, Bigger additionally argues that because he only interacted with Underhill and plaintiff "in the context of his professional representation in the family court litigation, all communications were litigation privileged and covered by the first anti-SLAPP prong." Dkt. No. 54 at 3. Plaintiff responds in opposition to Underhill's motion that Underhill "merely cites cases which stand for the basic proposition but fails to apply the law to any facts" and that Underhill fails to specify what statements she made that are privileged. Dkt. No. 47 at 12.

California Civil Code section 47(b) privileges a "publication or broadcast" made, as relevant here, in any judicial proceeding or "other proceeding authorized by law." "The usual formulation is that the privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990). The privilege "has been given broad application" and "applies to any publication required or permitted by law in the course of a judicial proceeding to achieve the objectives of the litigation, even though the publication is made outside the courtroom and no function of the court or its officers is involved." *Id.* at 211-12; *see also Rubin v. Green*, 4 Cal. 4th 1187, 1193-94 (1993) (explaining that "[f]or well over a century, communications with 'some relation' to judicial proceedings have been absolutely immune from tort liability by the privilege codified in section 47(b)" and "California courts have given the privilege an expansive reach") (citations omitted).

The policy of assuring litigants "the utmost freedom of access to the courts to secure and defend their rights" undergirds the immunity conferred by 47(b). *Rubin*, 4 Cal. 4th at 1194 (citation omitted); *see also Silberg*, 50 Cal. 3d at 213 ("The principal purpose of section 47(b) is to afford litigants and witnesses . . . the utmost freedom of access to the courts without fear of being harassed

United States District Court
Northern District of California

subsequently by derivative tort actions."). The privilege only applies to communicative acts, not noncommunicative conduct. *Rubin*, 4 Cal. 4th at 1195-96. "To the extent the complaint rests on the attorney's alleged communicative acts of counseling and advising his clients, the privilege is clearly operative." *Id.* at 1196 (internal quotations marks and citation omitted). To be privileged, a statement must be "reasonably relevant" to pending or contemplated litigation. *Neville v. Chudacoff*, 160 Cal. App. 4th 1255, 1266 (2008).

The Court finds that defendants have failed to meet their burden of showing protected activity under the anti-SLAPP statute on the basis that their communications at issue are protected by the litigation privilege. Defendants have not adequately explained how the cited case law applies to the facts of this case. Nor have they explained how their statements at issue were "reasonably relevant" to pending or contemplated litigation nor how their communications meet the requirements for the privilege to apply laid out in *Silberg*. Additionally, the one sentence defendants quote from *Briggs* does not provide sufficient support for the Court to conclude that, even if the communications at issue in this case fell within the litigation privilege, they are necessarily also protected activity for anti-SLAPP purposes.

* * *

Because defendants have not carried their burden of showing that their conduct by which plaintiff claims to have been injured falls within one of the four categories of protected activity specified in the anti-SLAPP statute, the Court need not reach the question of whether plaintiff has demonstrated a likelihood of success on the merits of his state law claims.

## IV.    Whether Attorneys' Fees Should Be Awarded to Plaintiff

"If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section 128.5." Cal. Code Civ. Proc. § 425.16(c)(2).

Plaintiff argues that "the plain reading of the family court's order . . . and the arguments by [Underhill and Bigger] that ignore its plain language and intend to mislead this Court, makes this entire motion and all of [Underhill and Bigger's] claims within frivolous." Dkt. Nos. 47 at 20, 48

at 19.

The Court disagrees with plaintiff that the "plain reading" of the family court order is that the implant procedure was a "gender identity related surgery" under that order. Although the Court finds that defendants have not adequately made a showing of protected activity under the anti-SLAPP statute, the Court does not find that defendants' motions were frivolous or solely intended to cause unnecessary delay. The Court thus DENIES plaintiff's request for an award of attorneys' fees.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendant Underhill and defendant Bigger's special motions to strike pursuant to California's anti-SLAPP statute. Each side shall bear their own costs.

**IT IS SO ORDERED**.

Dated: August 22, 2024

_____

SUSAN ILLSTON
United States District Judge